T.C. Summary Opinion 2003-94

UNITED STATES TAX COURT

RAYMOND J. PAVELKO AND ILENE H. PAVELKO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13642-01S.            Filed July 21, 2003.

Raymond J. Pavelko, pro se.

<u>Blaine C. Holiday</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in

effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' Federal income taxes of $2,417, $3,469, $4,236, and $3,276, and accuracy-related penalties of $483.40, $693.80, $847.20, and $655.20 for the taxable years 1996, 1997, 1998, and 1999.

The sole issue for decision is whether petitioner husband (petitioner) engaged in certain activities for profit during each of the years in issue.[1]  Respondent concedes the application of the accuracy-related penalties in this case.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference.  Petitioners resided in West Salem, Wisconsin, on the date the petition was filed in this case.

Petitioners filed a joint Federal income tax return for each of the years in issue.  With these returns, petitioners filed Schedules C, Profit or Loss From Business, for several activities.  In 1996, petitioners filed a Schedule C which named petitioner as the proprietor and listed "rental" as the principal business.  This schedule reflected the following loss:

---

[1]Petitioners also argue in their petition that petitioner was "able to engage in a trade or business", and that he was not precluded from doing so by any medical disability.  Petitioner's physical or mental ability to engage in a trade or business is not being questioned in this case.

| | |
|---|---|
| Gross receipts or sales | $-0- |
| Cost of goods sold | -0- |
| Gross profit | -0- |
| Car and truck expense | 3,912 |
| Mortgage interest | 1,712 |
| Net profit (loss) | (5,624) |

In each of the years in issue, petitioners filed a Schedule C which named petitioner as the proprietor and listed "mental health services" or "mental health and other services" as the principal business.  These schedules reflected the following losses:

| | 1996 | 1997 | 1998 | 1999 |
|---|---|---|---|---|
| Gross receipts or sales | $76 | $-0- | $1,320 | $-0- |
| Cost of goods sold | 24 | -0- | -0- | -0- |
| Gross profit | 52 | -0- | 1,320 | -0- |
| Advertising | 36 | 75 | 272 | -0- |
| Car and truck expense | -0- | 4,530 | 3,575 | -0- |
| Depreciation | 3,512 | 7,495 | 2,907 | 768 |
| Insurance | -0- | 391 | 1,770 | -0- |
| Legal and professional | -0- | 1,385 | 1,355 | 62 |
| Office | -0- | -0- | 1,245 | -0- |
| Rental | -0- | -0- | 3,210 | -0- |
| Repairs and maintenance | -0- | -0- | 1,113 | -0- |
| Supplies | 1,214 | 12,196 | 10,451 | 244 |
| Taxes and licenses | -0- | -0- | 932 | -0- |
| Travel | -0- | -0- | 641 | -0- |
| Utilities | -0- | 256 | -0- | -0- |
| Educational expense | 5,740 | -0- | 8,123 | -0- |
| Net profit (loss) | (10,450) | (26,328) | (34,274) | (1,074) |

Finally, in 1999 petitioners filed a Schedule C which named petitioner as the proprietor and listed "developmental research" as the principal business.  This Schedule reflected the following loss:

| | |
|---|---:|
| Gross receipts or sales | $10 |
| Cost of goods sold | -0- |
| Gross profit | 10 |
| | |
| Advertising | 275 |
| Car and truck expense | 7,351 |
| Insurance | 1,925 |
| Supplies | 14,761 |
| Taxes and licenses | 100 |
| Utilities | 502 |
| Professional dues | 225 |
| Business use of home | 154 |
| Net profit (loss) | (25,283) |

In the notice of deficiency, respondent determined that the activities listed on each of the Schedules C filed in 1996, 1997, and 1998, and the "developmental research" Schedule C in 1999, did not "constitute bona fide business ventures entered into for profit".[2]  Respondent accordingly disallowed the deductions claimed for the expenses on each of these schedules and recharacterized the gross profits shown thereon as "other income".

Under section 162(a), a taxpayer may deduct the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  A taxpayer is engaged in a trade or business if the taxpayer is involved in the activity with continuity and regularity and with the primary purpose of making a profit.  Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).

---

[2]The record is not clear why this determination was not made with respect to the 1999 "mental health and other services" Schedule C.

If an activity of a taxpayer is not conducted for profit, section 183(a) disallows all deductions related thereto, except as provided by section 183(b).  As relevant here, an activity is not conducted for profit if it is one with respect to which deductions are not allowable under section 162(a).  Sec. 183(c).  If an activity of a taxpayer is not conducted for profit, section 183(b) allows the taxpayer to deduct (1) expenses which otherwise would have been allowable without regard to profit motive, and (2) certain additional expenses to the extent of the gross income derived from the activity, less those deductions of the first type.

The test to determine whether a taxpayer conducted an activity for profit is whether he or she engaged in the activity with an actual and honest objective of earning a profit.  Keanini v. Commissioner, 94 T.C. 41, 46 (1990); Dreicer v. Commissioner, 78 T.C. 642, 644-645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs.  Although a reasonable expectation of profit is not required, the taxpayer's profit objective must be bona fide, as determined from a consideration of all the facts and circumstances.  Keanini v. Commissioner, supra; Dreicer v. Commissioner, supra at 645; Golanty v. Commissioner, 72 T.C. 411, 425-426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); Bessenyey v. Commissioner, 45 T.C. 261, 274 (1965), affd. 379 F.2d 252 (2d

Cir. 1967). More weight is given to objective facts than to the taxpayer's statement of his or her intent. Engdahl v. Commissioner, 72 T.C. 659, 666 (1979); sec. 1.183-2(a), Income Tax Regs.

The regulations under section 183 provide nine nonexclusive factors to be used in determining whether a taxpayer is conducting an activity with the intent to make a profit. Sec. 1.183-2(b), Income Tax Regs. The factors are: (1) The manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his or her advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) elements of personal pleasure or recreation. Id. No single factor controls, other factors may be considered, and the mere fact that the number of factors indicating the lack of a profit objective exceeds the number indicating the presence of a profit objective (or vice versa) is not conclusive. Id.

We first address the 1996 rental activity. Petitioner testified that this activity involved the rental of real estate

to petitioner wife's father, who lived on the land and farmed it. Petitioner further testified that his father-in-law did not pay rent, instead paying taxes in exchange for the right to occupy the land. Petitioner stated that the car and truck expenses which were listed on the Schedule C for this activity were put there in error, and that the expenses should have been listed on the mental health services Schedule C instead. Petitioners did not explain the only other expense on this Schedule C, the mortgage expense, nor did they explain how this activity could have been operated for a profit when the lessee was not required to pay rent. Petitioners produced no evidence supporting a finding of a profit objective in this activity with respect to the above-mentioned factors. We therefore find that petitioners have not met their burden of proving respondent's determinations to be in error, see Rule 142(a),[3] and we sustain respondent's determination with respect to the rental activity.

We now turn to the remaining two activities, both of which are related to the mental health field. Petitioners' testimony and arguments concerning these activities can be summarized as follows: During each of the years in issue, petitioner was involved in an activity in which he sold videotapes related to

[3]Sec. 7491(a) does not shift the burden of proof to respondent in this case because petitioners have provided no credible evidence supporting a profit objective with respect to the rental activity. Sec. 7491(a)(1).

the mental health field. The tapes were 23 minutes in length and were about "living in the community with self-respect". Petitioner "sold these both by mail and by going around to different mental health centers and different shows". These videotapes were "available for $20 plus tax or by mail for $24 total". By 1999, petitioner realized that selling the videotapes was not profitable, so he began a new activity involved in "developmental research" in the mental health field. This activity involved research into the question "What is the immediate effect of using spiritual sayings and thoughts with persons who have experienced a recent mental health crisis?" Petitioner hopes to use the results of this research to open an office and offer counseling services.

The following is the application of the section 183 factors to petitioner's mental health services and developmental research activities.

Manner in Which the Taxpayer Carries On the Activity

A profit objective may be indicated where the taxpayer operates the activity in a businesslike manner and keeps complete and accurate books and records. Sec. 1.183-2(b)(1), Income Tax Regs. A change of operating methods in a manner consistent with an intent to improve profitability may also indicate a profit objective. Id. There is no suggestion that petitioner kept books and records of any type, or that petitioner otherwise

operated the activities in a businesslike manner.  Petitioner did testify that he abandoned the videotape sales activity after 3 or more years without success in that activity.  However, for at least 3 full years--while petitioner had nearly zero sales or other income from the activities while incurring significant expenses, as discussed in more detail below--petitioner did not make any changes in his operation of this activity.  This factor favors respondent.

Expertise of the Taxpayer or Advisers

A profit objective may be indicated where the taxpayer carries on an activity in accordance with practices learned from extensive study of accepted business and economic practices, or consultation with experts involved therein.  Sec. 1.183-2(b)(2), Income Tax Regs.  There is no suggestion that petitioner studied accepted business practices or consulted with experts, or that petitioner was already an expert in the field of mental health services or mental health research.  This factor favors respondent.

Time and Effort Expended by the Taxpayer

A profit objective may be indicated where the taxpayer uses much of his personal time and effort to carry on the activity. Sec. 1.183-2(b)(3), Income Tax Regs.  Petitioner did not state the exact number of hours he dedicated to these activities. However, we nevertheless are convinced that petitioner spent a

significant amount of time in pursuit of the activities.  This factor favors petitioners.

Expectation That Assets May Appreciate in Value

Despite a lack of profit from current operations, a profit objective may be indicated where a taxpayer intends to earn an overall profit with income earned from operations together with the appreciation in the value of assets used in the activity. Sec. 1.183-2(b)(4), Income Tax Regs.  This factor is not applicable to this case.

Taxpayer's Success in Other Activities

A profit objective may be indicated where the taxpayer has in the past undertaken activities and made them profitable despite initial unprofitability.  Sec. 1.183-2(b)(5), Income Tax Regs.  Because there is no indication that petitioner was engaged in prior similar activities, or that he made other activities profitable, this factor also is not applicable to this case.

History of Income/Losses and Amount of Occasional Profits, If Any

A profit objective is strongly indicated where the taxpayer has experienced a series of profitable years.  Sec. 1.183-2(b)(6), Income Tax Regs.  A series of losses incurred during the startup stage of an activity does not necessarily indicate the lack of a profit objective, but it may so indicate if the losses continue beyond the customary startup period and are not otherwise explainable as due to customary business risks.  Id.

Even before deducting expenses, petitioner derived no significant income from either of the mental health-related activities. Petitioner reported gross receipts from videotape sales of $76 in 1996, for a gross profit of $52 after cost of goods sold of $24. However, it is unclear how petitioner could have made this profit. He testified that he sold videotapes, but he did not explain whether he made these tapes or purchased them for resale. He also testified that they were available for $20 retail or by mail order for $24. If petitioner purchased and resold these tapes, it is unclear how his cost of goods sold was $24 (which would imply only one tape resold at $76). If petitioner was a sales agent for the manufacturer, it is unclear how his gross receipts were $76 (with individual sales of $20 or $24). Petitioner later testified that the videotapes were made available for sale in a catalog in which they sold for $59.95 each, and for which he received payment of $24 each. This testimony likewise does not explain petitioner's gross receipts and cost of goods sold.

Petitioner also reported gross receipts of $1,320 in 1998. However, petitioner testified that he was uncertain of the source of this income and that he had not experienced a "significant increase" in his sales of videotapes in 1998. Finally, petitioner reported gross receipts of $10 in 1999. Petitioner testified that this amount was received as payment for his

participation in a research study, an experience which he believed would in turn help him in conducting his own research.

In short, we find that petitioner had a de minimis amount of income in both of the activities during the years in issue. We find that petitioner's claimed expenditures in these activities over the course of 4 years, totaling over $100,000, objectively indicates that petitioner did not expect a profit or engage in the activities with an intent to profit. These factors strongly favor respondent.

## Financial Status of the Taxpayer

A profit objective may be indicated where the taxpayer does not have substantial income from sources other than the activity. Sec. 1.183-2(b)(8), Income Tax Regs. During the years in issue, petitioner was employed on a part-time basis at a halfway house for psychiatric patients. Petitioner wife was employed by a school district. Petitioners received combined wage income, interest income, and dividends totaling $35,834, $40,979, $48,001, and $47,970 in 1996, 1997, 1998, and 1999, respectively. Thus, petitioners had modest but reliable sources of income during the years in issue. This factor favors respondent.

## Elements of Personal Pleasure or Recreation

A lack of profit objective may be indicated where there are personal motives for carrying on the activity, especially where the motive is personal pleasure or recreation. Sec. 1.183-

2(b)(9), Income Tax Regs.  Profit need not be the only objective, however, and personal motives may coexist with an actual and honest intent to derive a profit.  Id.  Although petitioner was personally interested in these activities, we do not find that personal pleasure or recreation was a primary motive in carrying out these activities.  This factor favors petitioners.

Conclusion

We are convinced that petitioner engaged in certain activities in the mental health field, that he held an interest in and dedication to them, and that he devoted time to these endeavors.  However, based on the objective facts in this case, as discussed above in connection with the individual factors, we must conclude that petitioner did not have an actual and honest objective of earning a profit in these activities.  Sec. 1.183-2(a), Income Tax Regs.  We therefore sustain respondent's determination with respect to the mental health services activity and the developmental research activity.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered for respondent with respect to the deficiencies and for petitioners with respect to the penalties.